**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VALERIE DENTMAN, and
SCOTTIE SPILLMAN,

Plaintiffs,

v. No. 2:26-cv-02340-DHU-JMR

THE NEW MEXICO CHILDREN, YOUTH
& FAMILIES DEPARTMENT,
TAMARA LETCHER, in her individual capacity,
And DOE DEFENDANTS 1-10,

Defendants.

**DEFENDANTS' REPLY TO**
**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants New Mexico Children, Youth & Families Department ("CYFD") and Tamara Letcher, (collectively, "Defendants"), through their undersigned counsel, hereby submit their Reply to Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Response") pursuant to Fed. R. Civ. P. 12(b)(6).

## I. Introduction

On a motion to dismiss, although, the Court is to draw **all reasonable inferences** in the Plaintiffs' favor, those inferences must be **reasonable and based on well-pleaded factual allegations.** It is not for the Court to make guesses or stretch logic to save a claim. The Second Amended Complaint (also the "SAC") is barred by the statute of limitations, qualified immunity and does not state a claim upon which Plaintiffs can recover. Defendant Letcher's substitution on July 6, 2026, does not relate back to the original Complaint (the "Complaint"), and she has a qualified immunity defense to the Section 1983 claim against her individually. Therefore, the Court should dismiss the Second Amended Complaint with prejudice.

## II. Legal Argument

### A. Plaintiffs' Second Amended Complaint Violates the Statute of Limitations.

Under federal law, the statute of limitations was violated. Plaintiffs' alleged civil rights action accrued "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998); *Baker v. Board of Regents*, 991 F.2d 628, 633 (10th Cir. 1993). Plaintiffs must allege facts sufficient to show that the defendants plausibly violated their constitutional rights. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). As fully explained in the Motion, Plaintiffs alleged civil rights claims accrued no later than December 11, 2020. Plaintiffs allege that adverse treatment based on their race began in 2019. *See* SAC ¶30. Plaintiffs' application to be foster parents was denied in February of 2020, and their administrative appeal was denied on December 11, 2020. SAC at ¶¶35, 36.

Plaintiffs seemingly knowing the statute of limitation was violated attempt to invoke the equitable doctrine of the repeated violation doctrine. *See* Response at 6-7. Plaintiffs argue that "the final action taken by Defendants in their discriminatory scheme occurred on or after December 17, 2021", and "when the Defendants consented to and recommended non-kin adoption for D. H., those new violations restarted the statute of limitations." *See* Response at 2, 6. However, the equitable doctrine of repeated violation does not salvage Plaintiffs claim.

Plaintiffs bear the burden of establishing a factual basis for the use of any equitable grounds to "toll" the three year statute of limitations. *Dirickson v. Bd of Cnty. Comm'rs of the Cnty. Of Otero*, 2026 U.S. Dist. LEXIS 34896 *24 (D. N.M. February 20, 2026). In order "[t]o invoke the repeated violation doctrine, a plaintiff must identify a discrete injurious act occurring within the statute of limitations period and not just the continuing effect of, or continuing harm from, a discrete act that occurred outside the limitations period." *Herrera v. City of Espanola*, 32 F.4th 980, 995 (10th Cir. 2022). The only factual allegations plead to in the Complaint are that "[i]n December 2021,

Defendant CYFD notified Plaintiffs that it consented to D.H.'s foster parents' petition to adopt D.H. Complaint at ¶29. On December 17, 2021, Plaintiffs received notice from the Curry County CYFD office that it was going to consent to D.H.'s adoption by non-relatives. *See* SAC at ¶42. On December 21, 2021, D.H. was approved for non-relative adoption based on the recommendation of the Curry County CYFD office.[1] *See* SAC at ¶44.

Notification of consent by CYFD cannot be an unlawful act, indeed Plaintiffs were notified of D.H.'s adoption being close to finalization by the Clovis Children's Court in October. *See* Complaint at ¶29 ("In or around October 2021, Plaintiffs were notified by the Clovis Children's Court that D.H.'s adoption was close to being finalized".) Plaintiffs want this Court to make the inference that CYFD's notice to consent and recommendation of adoption by D.H.'s foster parents was driven by racial animus, and thus, was a separate discriminatory and injurious act against Plaintiffs to restart the statute of limitations period. *See* Response at 5-6. However, this is not a reasonable inference to make based on the insufficient factual allegations in the Complaint. *See Chardon v. Fernandez,* 454 U.S. 6, 8 (1981). *Chardon*, is clear that the continuity of D.H.'s placement and adoption by his foster parents, without more, is insufficient to prolong the life of a claim for the alleged discrimination in "[CYFD's] licensing process and placement decisions." SAC ¶50; *see Chardon,* 454 U.S. at 8.

Moreover, Plaintiffs' hypothetical "analogous" argument that CYFD "pulled Plaintiffs over ten separate times" is logically flawed, since each stop is a distinct and actionable constitutional violation. *See* Response at 7. That is not the case here, like in *Chardon*, the triggering event for the statute of limitations was the date on which Defendant CYFD denied Plaintiffs' foster parent application in February 2020, or subsequently perfected on December 11, 2020, when Plaintiffs' administrative appeal was denied. *Chardon,* 454 U.S. at 8 (date on which the decision to terminate

[1] No individual has a constitutionally protected right to adopt a child, even if the individual and the child are biologically related. *See Mullins v. Oregon*, 57 F.3d 789, 797 (9th Cir. 1995) (holding that "grandparents have no constitutionally protected liberty interest in the adoption of their children's offspring").

was made); *Herrera*, 32 F.4th at 990 (when the plaintiff's right to resort to federal court was perfected). As such, the repeated violation doctrine is not triggered by the alleged continual ill effects from the original alleged violation of the denial of Plaintiffs' application and administrative appeal in 2020. Therefore, Plaintiffs' misrepresentation of Defendants' argument is unpersuasive; Defendants are not arguing that earlier discrimination would immunize later discriminatory conduct. *See* Response at 8. Defendants' argument is that Plaintiffs did not sufficiently allege in the Complaint factual allegations of discriminatory conduct within the limitations period by Defendants against Plaintiffs, which would allow for an equitable tolling of the statute of limitations.

Under the applicable federal law to determine accrual of a cause of action, the Complaint was filed outside the statutory limitations period. Plaintiffs cannot meet their burden for invoking the equitable doctrine of repeated violation. Therefore, Plaintiffs' first cause of action is barred by the statute of limitations and should be dismissed.

**B. Plaintiffs' Second Cause of Action Equal Protection (42 U.S.C. § 1983) Against Letcher Does Not Relate Back to the Original Complaint.**

Plaintiffs Second Cause of Action Against Letcher is also a violation of the statute of limitations. Here, Plaintiffs seek a more forgiving principle of relation back in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C). *See* Response at 9. Plaintiffs' attempt to find a more forgiving principle is unsupported.

Plaintiffs' only support for the argument that their Section 1983 claim relates back is *Macias v. Jaramillo*, 2000-NMCA-086, 129 N.M. 578. *See id.* at 10. However, *Macias* does not offer a more forgiving standard, nor is it applicable here. In *Macias*, the issue on appeal was whether a plaintiff who files an action seeking recovery against an estate loses her cause of action if she has not joined a duly appointed personal representative of the estate before the statute of limitations has run. *See* 129 N.M. at 579. The Court of Appeals stated that "[w]hen a plaintiff who has learned of the death of a tortfeasor faces an imminent limitations bar, we see little reason to forbid the plaintiff the ability to

get his or her claim on file by naming 'John Doe' as the personal representative of the tortfeasor's estate" knowing that the personal representative of decedent's estate would shortly and lawfully come into existence. *Macias*, 129 N.M. at 582. Moreover, the plaintiff, in *Macias*, was intentionally misled about who the personal representative of the estate was. *See id.*, 129 N.M. at 579-80. Plaintiffs' argument that Rule 15(c)(1)(A) allows for a more forgiving principle under New Mexico law citing *Macias* is unpersuasive.

Unlike *Macias*, *Harrison v. Wellpath, LLC.* is directly on point. 2024 U.S. Dist. LEXIS 40509 (D. N.M. March 6, 2024). The New Mexico court found that a plaintiff's previously asserted claims against John Doe employees did not relate back to the original complaint when additional named defendants were substituted. *See Harrison*, 2024 U.S. Dist. LEXIS 40509 at *17 (D. N.M. March 6, 2024). Substituting Letcher for an "unknown John Doe" amounts to adding a new party and all requirements of Rule 15(c)(3) must be satisfied to relate back to the date of the original complaint. *See Marquez-Duran v. Salt Lake City*, 2025 U.S. Dist. LEXIS 106084 at *8 (D. Utah June 3, 2025). "[A] 'plaintiff's designation of an unknown defendant. . . in the original complaint is not a formal defect of the type [the rule] was meant to address,' and a later amendment that specifically names that defendant does not relate back to the original complaint." *Id*. at *8-9.

First, as in *Harrison*, there are no facts in the Complaint which would have alerted Letcher that the action would have been filed against her, in her individual capacity, even if Plaintiffs had known her name. *See* 2024 U.S. Dist. LEXIS 40509 at *18; *see also Marquez-Duran*, 2025 U.S. Dist. LEXIS 106084 at *10 (finding where the complaint named unknown jail staff as defendants, defendants were not on notice). Indeed, the Complaint did not allege any allegations attributed to any Defendant Does in their individual capacity, stating specifically that "[a]t all material times, Defendant Does were acting within the course and scope of their employment with CYFD, and their actions and omissions were performed under the authority and direction of the agency. As such,

CYFD is vicariously liable for the acts and omission of its employees." Complaint at ¶5; First Amended Complaint at ¶5. Moreover, naming an employer and Doe employees as defendants does not put individual employees on notice. *See Marquez-Duran*, 2025 U.S. Dist. LEXIS 106084 at *10.

Second, lack of knowledge of the intended defendant is not a mistake. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *see also Hogan v. Fischer,* 738 F.3d 509 (2d Cir. 2013). Plaintiffs concede as such, Defendants are right on the narrow point of "mistake". *See* Response at 9. Plaintiffs even welcome Letcher to raise a statute of limitations defense on summary judgment. *See* Response at 10. The Complaint identified Doe Defendant employees in their official capacity. *See* Complaint at ¶7; *see also* First Amended Complaint at ¶7. Plaintiffs did not file the Complaint with any specific facts or allegations that would have allowed Defendant Letcher to intimate that she would be sued in her individual capacity.

Plaintiffs' argument that Defendant Letcher knew or should have known that her substitution was a distinct possibility, *see* Response at 10, is unfounded and cannot be the true intent of the relating back statute. Plaintiffs cannot satisfy the requirements of relating back to circumvent the statute of limitations. Thus, Plaintiffs' second cause of action against Defendant Letcher, in her individual capacity, does not relate back to the original filing date of the Complaint, meaning the claim against her is barred by the statute of limitations.

**C. Letcher is Entitled to the Defense of Qualified Immunity for Plaintiffs' Second Cause of Action Equal Protection (42 U.S.C. § 1983)**

Not only does Defendant Letcher's substitution in her individual capacity violate the statute of limitations, but she is also entitled to the defense of qualified immunity. Persons sued in their individual capacity under 42 U.S.C. § 1983 generally are entitled to qualified immunity unless it is shown that their actions violated a specific statutory or constitutional right and that the rights which they allegedly violated were clearly established at the time of the conduct at issue. *Hernandez v.*

*Rapp*, 2003 U.S. Dist. LEXIS 30327 at *18 (citing *Oliver v. Woods*, 209 F.3d 1179, 1185 (10th Cir. 2000). When a defense of qualified immunity is raised in a pretrial motion, the Court must exercise its discretion in applying the Federal Rules of Civil Procedure so as to protect the substance of that defense. *See id*. at *13. The Court may do so by requiring Plaintiffs' pleadings to set forth **specific, nonconclusory factual allegations** in order to survive a dispositive pretrial motion, and by refraining from burdensome discovery or trial proceedings unless and until such pretrial motions have been resolved in Plaintiffs' favor. *Id*. (emphasis added).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* at *13-14 (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Id.* at *14 (citing *GFF Corp. v. Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10 Cir. 1997). A motion to dismiss based on qualified immunity imposes the burden on the plaintiff to **show both** that (1) a constitutional violation occurred and (2) that the constitutional right was clearly established at the time of the alleged violation. *See Doe v Woodard*, 912 F.3d 1278, 1289 (10th Cir. 2019) (emphasis added). If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity. *Stepp v. Lockhart*, 168 F.4th 1286, 1301 (10th Cir. 2026).

Plaintiffs cannot meet the first prong of the qualified immunity analysis. *See Wilson v. USD 290 Ottawa*, 2025 U.S. Dist. 145967 *8-9 (D. Kan. July 30, 2025). Plaintiffs' claims are not plausibly pled, because they lack particularity as to Letcher. *See id.* Section 1983 claims impose "personal liability on government officials," thus, courts must pay "careful attention to particulars, especially in lawsuits involving multiple defendants." *Id.* (quoting *Pahls v. Thomas*, 718 F.3d 1210,

1225 (10th Cir. 2013). It is necessary for a plaintiff "to 'identify specific actions taken by particular defendants'" to plausibly plead a Section 1983 claim. *Id.* at 1226 (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)). "'It is particularly important' that plaintiffs 'make clear exactly who is alleged to have done what to whom, as distinguished from collective allegations.'" *Id.* at 1225 (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). "Personal participation is an essential allegation in a 1983 claim." *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiffs allege that:

1. Letcher assigned a CYFD employee to conduct a home inspection. SAC at ¶27.
2. Letcher and the Doe Defendants used several minor criminal cases to further delay Plaintiffs' licensure. SAC at ¶29.
3. On information and belief, Letcher and the Doe Defendants used the pile of clothing and minor criminal cases as pretexts to prevent Plaintiffs from fostering D.H., because they did not want D.H. to be placed with African-Americans. SAC at ¶30.
4. On information and belief, the decision to deny their licenses was made by, or on the recommendation of, Letcher and Doe Defendants. SAC at ¶35.
5. Defendants, under color of state law, intentionally treated Plaintiffs less favorably than similarly situated non-Black applicants, lacking any rational or compelling justification, thereby denying equal protection of the laws. SAC at ¶53.

The only specific alleged action attributed to Defendant Letcher is assigning a CYFD employee to conduct a home inspection. *See* SAC at ¶27. The Complaint does not attribute any other specific acts to Letcher; all alleged actions are attributed to Letcher and Doe Defendants collectively. *See Pahls*, 718 F.3d at 1225. As in *Wilson*, based on the allegations in the Compliant, the Court cannot determine whether the first prong of qualified immunity analysis was met. *See Wilson* at *9. Therefore, the Court should dismiss Plaintiffs' Section 1983 claim because of a lack of particularity.

Plaintiffs must do more than allege in a conclusory fashion that they had been targeted for adverse treatment based on their race, *see* SAC ¶¶43, 53, in order to overcome a qualified immunity defense. Plaintiffs cannot meet this burden. Therefore, the Court should dismiss the individual capacity claims against Defendant Letcher based on qualified immunity.

**D. Plaintiffs' Second Cause of Action: Equal Protection (42 U.S.C. § 1983) Against Letcher fails to state a claim upon which relief may be granted.**

Plaintiffs must allege specific facts that Defendant Letcher, in her individual capacity, treated Plaintiffs differently than other similarly situated individuals to assert a viable equal protection claim. *Sturdivant v. Blue Valley Unified Sch. Dist.,* 2019 U.S. Dist. LEXIS 90205 at *15 (D. Kan. May 30, 2019) (*citing Barney v. Pulsipher,* 143 F.3d 1299, 1312 (10th Cir. 1998)); *see also See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). As explained above, the only specific alleged action attributed to Defendant Letcher is assigning a CYFD employee to conduct a home inspection. *See* SAC at ¶27. All of Plaintiffs' other allegations against Defendant Letcher are either collective or appear to stem from the fact that she "supervised essentially everyone in the office, and had final say in most decisions related to foster placement decisions." *See* SAC at ¶24.

However, to raise supervisory liability under a section 1983 claim, "[p]ersonal participation is an essential allegation." *Doe v. Woodard*, 912 F.3d 1278, 1290 (10th Cir. 2019) (quoting *Bennett*, 545 F.2d at 1262-63. The supervisor must be personally involved in the constitutional violation, and a sufficient causal connection must exist between the supervisor and the constitutional violation. *Serna v. Colo. Dep't of Corr*., 455 F.3d 1146, 1151 (10th Cir. 2003) (quotations omitted). Under section 1983, government officials are not vicariously liable for the constitutional violations of subordinates. *Id.* Supervisors are only liable under section 1983 for their own culpable involvement in the violation of a person's constitutional rights. *Id.* Although direct participation is not necessary, the requisite causal connection between a supervisor's role and their own culpable involvement must be alleged. *See Woodard,* 912 F.3d at 1290.

Plaintiffs' allegations did not allege any specific culpable involvement nor any causal connection as to Letcher. As such, Plaintiffs' allegations are insufficient to establish that Letcher intended to place children based on racial discrimination, that she set in motion a series of events she knew or reasonably should have known would cause others to violate Plaintiffs constitutional rights, or that

she established or utilized an unconstitutional policy or custom. *See Hernandez*, 2003 U.S. Dist. LEXIS 30327 at *51; *see Woodard*, 912 F.3d at 1290. Indeed, Plaintiffs did not allege any causal connection between Letcher as a supervisor to her own personal involvement in the alleged violation of Plaintiffs' constitutional rights. Therefore, Plaintiffs' second cause of action should be dismissed based on multiple grounds, including violation of statute of limitations, Defendant Letcher's qualified immunity defense and for failure to state a claim upon which relief can be granted.

## III. Conclusion

The Court should dismiss with prejudice all claims based upon the defenses of statute of limitations, qualified immunity, and failure to state a claim. Plaintiffs' claims in the Second Amended Complaint cannot stand as a matter of law. Therefore, for all of the foregoing reasons, Defendants respectfully request that the Court grant the Motion to Dismiss Plaintiffs' Second Amended Complaint, award Defendants' attorneys' fees, and grant such other relief that it deems proper.

Respectfully submitted,

Melendres & Melendres P.C.

/s/ Paul Melendres

Paul Melendres
Melissa Calderon
1017 5th Street NW
Albuquerque, NM 87102
(505) 243-8310 / fax 243-9271
paul@melendreslaw.com
melissa@melendreslaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2026, the foregoing Reply to Plaintiffs' Response to Defendants' Motion to Dismiss was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Melendres & Melendres P.C.

By____/s/ Paul Melendres___